# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

HUSAI JIMENEZ on his own behalf and on behalf
of all others similarly situated,

    Plaintiff,

v.

DENVER RESTAURANT VENTURE, LLC d/b/a DIEGO'S and
TONY TERRONES,

    Defendants.

___

## COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES
___

Plaintiff files this Collective Action Complaint for Unpaid Overtime Wages against the above-listed Defendants on his own behalf and on behalf of all others similarly situated.

## STATEMENT OF THE CASE

1. Defendants refuse to pay their restaurant employees overtime wages for hours worked over forty each work week.

2. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty (40) each workweek. 29 U.S.C. §§ 206, 207.

3. Plaintiff seeks compensation for Defendants' violations of the FLSA on his own behalf and on behalf of all Defendants' other similarly-situated employees.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Husai Jimenez was employed by Defendants as a cook from approximately May, 2012 through approximately October 30, 2014. Plaintiff Jimenez's signed FLSA Consent to Sue Form is attached to this Complaint.

5. Defendant Denver Restaurant Venture, LLC d/b/a Diego's is a Colorado limited liability company doing business at 1600 Champa St. #3, Denver, Colorado, 80202.

6. Defendant Tony Terrones is an owner and operator of Diego's.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

9. Plaintiff and Defendants' other employees are or were employed as restaurant workers in Defendants' "Diego's Mexican Food and Tequila Bar" restaurant located on the 16th Street Mall in Denver.

10. Plaintiff and Defendants' other employees regularly worked more than forty (40) hours per week preparing and serving food, washing dishes, cleaning the facility and performing all other labor required in a restaurant enterprise. For example, during the workweek ending on January 25, 2014, Plaintiff worked 69.32 hours. During the workweek ending on May 10, 2014, Plaintiff worked 62.87 hours.

11.     Rather than pay Plaintiff and their other employees overtime premiums for each hour worked beyond forty (40) each work week, Defendants paid Plaintiff and their other employees via salary with no overtime premium payments, or on an hourly basis, with no overtime premium payments.

12.     Defendants' violations of the FLSA were willful.

13.     Defendants enjoyed more than $500,000.00 in annual revenues in each year relevant to this action, and employed more than two persons who handled goods, such as foodstuffs and cleaning materials, which moved in interstate commerce.

14.     Defendant Tony Terrones exercised day-to-day operational and overall financial control over the Diego's enterprise. Defendant Terrones hired and fired his employees. For example, Defendant Terrones hired Plaintiff and hired manager Raimundo Tehuitzil, among others, and fired employee Jeanette Martinez. Defendant Terrones directed Plaintiff and all his other employees as to their job duties and disciplined his employees. Defendant Terrones set his employees' pay rates, made the decision not to pay his employees overtime premiums, and made the decision to pay some of his employees in cash and "off the books." Defendant Terrones also exercised financial control over the enterprise. For example, Defendant Terrones decided what sort of equipment to purchase and which equipment to repair for the restaurant, and made all decisions regarding the finances of the enterprise.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings his claim for unpaid overtime wages as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any

modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT AND FORMER EMPLOYEES WHO WORKED ON OR AFTER DECEMBER 19, 2011 AND WHO WERE NOT PAID OVERTIME WAGES FOR HOURS WORKED BEYOND FORTY EACH WEEK.

16. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

17. All potential Class Members are similarly situated because they are or were paid under Defendants' unlawful common practice, policy or plan regarding employee wages and hours. That is, all Defendants' employees were denied minimum and overtime wages.

### FIRST CLAIM
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)
### Non-Payment of Overtime Premiums

18. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-17 above as if fully set forth herein.

19. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

20. Defendants employed Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiff, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

21.     Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

22.     Defendants "employed" Plaintiff and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

23.     Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

24.     Defendants violated the FLSA when they refused to pay Plaintiff and others overtime wages for hours worked beyond forty (40) in each given workweek. 29 U.S.C. § 207.

25.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

26.     Plaintiff and others suffered lost overtime wages and lost use of those wages in an amount to be determined at trial.

27.     Plaintiff and others are entitled to recover unpaid overtime wages, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. Plaintiff and the Class be awarded compensatory damages;

   c. Plaintiff and the Class be awarded liquidated damages as required by law;

   d. Plaintiff and the Class be awarded pre-judgment and post-judgment interest as permitted by law; and

   e. Plaintiff and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f.   Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

*S/ Brandt Milstein*
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*